<u>UNPUBLISHED</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-6796

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM RAYMOND TAYLOR,

Defendant - Appellant.

No. 04-7384

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM RAYMOND TAYLOR,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern
District of Virginia, at Richmond. Robert E. Payne, District
Judge. (CR-99-368; CR-99-369)

Submitted: November 4, 2004        Decided: November 9, 2004

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

---

William Raymond Taylor, Appellant Pro Se. Brian Ronald Hood, Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In 04-6796, William Raymond Taylor seeks to appeal the district court's order denying relief on his motion filed under Fed. R. Civ. P. 60(b)(1). Because Taylor's motion did not directly attack his conviction or sentence, but rather asserted a defect in the collateral review process itself, it constituted a true Rule 60(b) motion under our decision in United States v. Winestock, 340 F.3d 200, 207 (4th Cir), cert. denied, 124 S. Ct. 496 (2003). To appeal an order denying a Rule 60(b) motion in a habeas action, Taylor must establish entitlement to a certificate of appealability. See Reid v. Angelone, 369 F.3d 363, 368 (4th Cir. 2004).

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). Because Taylor's Rule 60(b) motion was untimely filed, see Fed. R. Civ. P. 60(b)(1) (providing one year time limit), we conclude Taylor's appeal is futile, precluding

entitlement to a certificate of appealability. See Reid, 369 F.3d at 372 n.5.

In 04-7384, Taylor seeks to appeal the district court's order construing his motion to dismiss his indictment as a successive 28 U.S.C. § 2255 (2000) motion. We have independently reviewed the record and conclude Taylor has not made the requisite showing for a certificate of appealability. To the extent that Taylor's notice of appeal and appellate brief can be construed as a motion for authorization to file a successive § 2255 motion, we deny such authorization. See Winestock, 340 F.3d at 208. Accordingly, we deny leave to proceed in forma pauperis, deny a certificate of appealability, and dismiss the appeals. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED